IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH TAGGART,<br><br>        *Plaintiff,*<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 16-cv-04040 |

**PAPPERT, J.**                                                                                                                         May 9, 2017

## **MEMORANDUM**

       The Court has already provided an extensive summary of the factual background and procedural history of this case. *See Taggart v. United States Dep't of Justice*, No. 16-04040, 2017 WL 319062, at *1–2 (E.D. Pa. Jan. 20, 2017). In that Memorandum and Order, the Court dismissed with prejudice all of Kenneth Taggart's claims against the Department of Justice ("DOJ") and the Department of Housing and Urban Development ("HUD") except that alleging retaliation in violation of his rights under the First Amendment. *See id.* On February 3, 2017, the Departments (collectively "Government") moved to dismiss the retaliation claim for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 29.) The Government argues that to the extent Taggart seeks damages against DOJ and HUD, his claim is barred by sovereign immunity, and to the extent he seeks injunctive relief, his claim is not yet ripe. (*Id.*)

The following sequence illustrates Taggart's confused, and confusing, approach to this and related prior litigation concerning the same topics.[1] On February 21, 2017, Taggart filed a purported response in opposition to the Government's motion to dismiss, along with a motion for reconsideration of the Court's January 20 decision. (ECF No. 31.) The filing did not, however, respond to the Government's motion. *See* (*id.*). The Government filed a response to Taggart's motion for reconsideration on March 7. (ECF No. 33.) On March 9, Taggart filed a motion to strike the Government's motion to dismiss. (ECF No. 34.) Because this motion was Taggart's effort to respond to the Government's February 3 motion to dismiss, it was untimely. On March 24, 2017, Taggart filed a motion to withdraw his Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) or, in the alternative, for leave to amend his Complaint to add additional claims. (ECF No. 36.) The Government filed its response on April 4. (ECF No. 37). For the reasons below, the Court grants the Government's motion to dismiss and denies Taggart's motion for reconsideration, motion to strike and motion to withdraw or amend his Complaint.

## I.

### A.

Taggart seeks damages from DOJ and HUD for allegedly retaliating against him in violation of his First Amendment rights by issuing CIDs as part of its investigation into Taggart's alleged violation of the False Claims Act. (Pl.'s Am. Compl. ¶¶ 7–8, ECF No. 6.) A plaintiff cannot sue the government for monetary damages unless there has been a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent

---

[1] Taggart unsuccessfully opposed the Government's issuance of three civil investigative demands ("CIDs"). *See In re Taggart*, 2016 WL 3902939, at *2–3 (E.D. Pa. July 19, 2016); *In re Taggart*, 2016 WL 3538604, at *2 (E.D. Pa. June 29, 2016).

a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012) (same). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Good v. I.R.S.*, 629 F. App'x 185, 188 (3d Cir. 2015) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Because waivers of sovereign immunity must be strictly construed, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lane*, 518 U.S. at 192 (citation omitted).

The Government has not waived sovereign immunity for claims seeking damages against federal agencies for constitutional violations. *See Meyer*, 510 U.S. at 484–85. Taggart relies on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 366 (1971), as the basis for subject matter jurisdiction "because of the similarity of the cases." (ECF No. 34, at 8.) The Supreme Court, however, held that *Bivens* does not provide an action for damages directly against federal agencies. *See Meyer*, 510 U.S. at 486, 472 (holding that an "extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself" and would be inappropriate due to "special factors counselling hesitation"); *see also Gary v. N.J. Dep't of Cons. Affairs Office of Cons. Prot.*, No. 10-3686, 2012 WL 993640, at *4 (E.D. Pa. Mar. 26, 2012), *aff'd sub nom. Gary v. F.T.C.*, 526 F. App'x 146 (3d Cir. 2013) ("Thus, without its consent, neither the Federal Government nor its agencies can be sued for money damages or equitable relief, and this Court cannot hear those claims. . . Furthermore, the Federal Government has retained its sovereign immunity against suits alleging both constitutional violations and civil rights violations." (citing *Meyer*,

510 U.S. at 473–75)). Taggart's First Amendment retaliation claim, to the extent it seeks monetary relief, is therefore barred by sovereign immunity and must be dismissed without prejudice.[2] *See Onyiuke v. New Jersey*, 242 F. App'x 794, 797 (3d Cir. 2007) (a dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits; therefore such a dismissal should be without prejudice).

## B.

The Government also contends that to the extent Taggart seeks injunctive relief, his claim must be dismissed pursuant to Rule 12(b)(6) because it is premature. (Gov't Mot. to Dismiss, at 9.) Taggart has asked the Court to grant him "relief to prevent defendants from violating [his] Free Speech again regarding this subject matter." (Compl. ¶ 8.) In other words, Taggart seeks an order precluding the Government from issuing further CIDs. For the reasons discussed in the Court's prior opinion, *see Taggart*, 2017 WL 319062, at *9–10, this claim is not ripe.

The Third Circuit Court of Appeals has held that ripeness is at least partially grounded in Article III's requirement of a case or controversy and unripe claims should be disposed of on a motion to dismiss. *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 n.6 (3d Cir. 1993); *see also Birdman v. Office of the Governor*, 677 F.3d 167, 173 (3d Cir. 2012) ("[F]ederal courts are only empowered to decide cases and controversies as our Article III jurisprudence defines them. Ripeness is among the requirements for a case or controversy to exist." (internal citations and quotations

---

[2] In discussing the standard for stating a First Amendment retaliation claim in its January 20 Memorandum, the Court inadvertently referenced section 1983. *See Taggart*, 2017 WL 319062, at *11. Section 1983, however, does not give the Court jurisdiction to hear Taggart's claims. While the statute provides citizens with a right of action against officials acting under color of state law who deprived them of a federally protected right, it does not extend to federal officials acting under color of federal law. *Hindes v. F.D.I.C.*, 137 F. 3d 148, 158 (3d Cir. 1971).

4

omitted)). Ripeness is "peculiarly a question of timing" and "its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (citations omitted).

Taggart asks the Court to enjoin future government investigations into his conduct because, in his opinion (and contrary to the Court's prior rulings), its past investigations were illegal. However, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 361 (3d Cir. 2014) (quoting *City of LA. v. Lyons*, 461 U.S. 95, 102 (1983)). And "to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Armstrong World Indus., Inc. v. Adams*, 961 F. 2d 405, 412 (3d Cir. 1992) (citations omitted). Federal courts "are without power to render an advisory opinion on a question simply because we may have to face the same question in the future." *N.L.R.B. v. Globe Sec. Servs., Inc.*, 548 F.2d 1115, 1118 (3d Cir. 1977) (citations omitted). Thus, "[w]here the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." *Id.* In this context, injunctions to prevent the future issuance of investigative subpoenas are disfavored. *See Wearly v. F.T.C.*, 616 F.2d 662, 665–66 (3d Cir. 1980).

Currently, there is neither a pending CID nor a claim against Taggart, and the parties are not "sufficiently adverse." Until there is a credible threat that the Government will issue further CIDs, any claim Taggart has is purely speculative. *See*

5

*Tait v. City of Philadelphia*, 639 F. Supp. 2d 582, 594 (E.D. Pa. 2009), *aff'd*, 410 F. App'x 506 (3d Cir. 2011). Thus, to the extent Taggart requests injunctive relief as part of his First Amendment retaliation claim, the claim is not ripe and must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3). The Government's motion is therefore granted and the request for injunctive relief is dismissed without prejudice. *See Nextel Commc'ns of Mid-Atl., Inc. v. City of Margate*, 305 F.3d 188, 190 (3d Cir. 2002) (instructing district court to dismiss claims that are not yet ripe without prejudice).

## II.

Taggart's motion for reconsideration, filed on February 21, was untimely. (ECF No. 31.) The Court issued its opinion on January 20. (ECF No. 27.) Under Federal Rule 59(e), a motion for reconsideration must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). Taggart therefore had until February 17, 2017 to file his motion for reconsideration. While the Court could deny the motion as untimely, it will address it on the merits.

### A.

First of all, Taggart does not state grounds for reconsideration of the Court's decision. He continues to argue that the Government's issuance of the CIDs was unconstitutional in light of evidence that the statutory occupancy requirement was waived as to his mortgage. *Taggart*, 2017 WL 319062, at *4. Taggart contends that because his mortgage contract, read in conjunction with a 1–4 Family Rider form attached to it, showed that the occupancy requirement had been waived as to his mortgage, or at least created ambiguity as to whether it had been waived, the Government lacked standing to issue the CIDs. *See id.*; *see also In re Taggart*, No. 15-

6

MC-255, 2016 WL 3902939, at *2.  He made the same argument, both in his Complaint in this case, and when contesting the Government's issuance of the CIDs.  Then and now, Taggart contends that whether the occupancy requirement was waived as to his mortgage constituted a "case or controversy" that he was entitled to have litigated *before* the Government could issue CIDs on the basis of investigating a potential violation of the occupancy requirement.  *Taggart*, 2017 WL 319062, at *4, 5–7.

The Court addressed these arguments at length in its Memorandum, explaining that Taggart's mortgage, read in conjunction with the 1–4 Family Rider form, did not unequivocally show a waiver of the statutory occupancy requirement.  *Id.* at *5.  The Court noted that whether his lender had validly waived the requirement and the legal effect of the purported waiver would depend on several unresolved facts.  *See id.* at *5.  The Court then discussed the Supreme Court's holding in *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943), which made clear that unresolved issues that might affect the applicability of statutory requirements, the subject's compliance with them or the availability of a valid defense to a claim that may be asserted by the Government in the future should not be litigated at the subpoena enforcement stage and should not affect the Court's limited inquiry at that stage.  *See Taggart*, 2017 WL 319062, at *6.  Because "it is the Government's role to determine whether the statute applies to Taggart and, if so, whether he violated it," a court must enforce an administrative subpoena unless the evidence sought by the subpoena is "plainly incompetent or irrelevant" to "any lawful purpose" of the agency.  *Id.* (quoting *Endicott Johnson*, 317 U.S. at 509).

7

The Court explained that the unresolved issues relevant to the purported waiver did not preclude the possibility that the waiver was invalid, that Taggart was subject to the statutory occupancy requirement and that he had violated the False Claims Act by failing to comply with it. *Id.* at *6. Rather, these issues would be relevant only to the merits of the potential claim against him—*i.e.*, whether the Government would actually be able to show that a violation of the False Claims Act occurred—not to the Government's authority to gather information and investigate a potential violation in the first instance. Therefore, because the evidence sought was not "plainly incompetent or irrelevant" to "any lawful purpose" of the agency, the Government had standing to issue the CIDs and Taggart was not entitled to have the waiver issue litigated at that time. *Id.* The Court made clear that Taggart could only properly raise those arguments in the event that the Government brings a claim against him under the False Claims Act. *Id.* at *7.

## B.

Motions for reconsideration are reserved "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 399 (E.D. Pa. 2002) (quoting *Smith v. City of Chester*, 155 F.R.D. 95, 96–97 (E.D. Pa. 1994)). "Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked." *Id.* "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Liverman v. Gubernik*, No. 10-1161, 2010 WL 4054195, at *1 (E.D. Pa. Oct. 15, 2010).

Taggart neither alleges that there has been an intervening change in the law nor proffers new evidence. *See generally* (Pl.'s Mot. for Reconsideration, ECF No. 31). Rather, he claims that the Court made an error of law and asserts the same arguments he has unsuccessfully made on numerous prior occasions, characterizing them as "factual and legal matters or conclusions the court may have overlooked." (*Id.* at 1.) He repeats his opinion that the Government has asserted that Taggart was subject to the occupancy requirement, that Taggart has presented evidence that he was not and, therefore, there is a *de facto* "case or controversy" that he is entitled to litigate. (*Id.* at 2–4.) He argues that because the Government issued the CIDs on the basis that Taggart may have violated the statutory occupancy requirement but then later stated at oral argument that it was investigating Taggart's purported waiver and had not yet taken a position on whether it validly exempted him from the occupancy requirement, the Government has changed its position and lacked standing to issue the CIDs. (*Id.* at 3–4.)

Taggart's motion is nothing more than a reiteration of his prior arguments prompted by "dissatisfaction with the Court's ruling." *Liverman*, 2010 WL 4054195, at *1. These arguments were not overlooked by the Court; they were addressed at length and rejected. For the same reasons expressed in the Court's January 20, 2017

9

Memorandum, Taggart's arguments remain meritless, irrelevant to the litigation at this stage and contrary to Supreme Court precedent. *See Taggart*, 2017 WL 319062, at *5–7, 6 n.5. Taggart's motion for reconsideration is denied.

### III.

In his motion to strike the Government's motion, Taggart argues that the Government is not entitled to sovereign immunity because it waived the defense by failing to raise it in its prior motion to dismiss. (Pl.'s Mot. to Strike, at 2, ECF No. 34.) He also argues that the Court already ruled on subject matter jurisdiction. (*Id.* at 7–8.) Taggart is wrong on both counts.

Though it was overlooked by the Court at the time, the Government raised the defense of sovereign immunity in support of its motion to dismiss. *See* (ECF No. 18, at 3–4). Even if the Government had not done so, Federal Rule of Civil Procedure Rule 12(h)(1) provides that a previous motion bars the filing of a subsequent motion *except* for the defenses of failure to state a claim upon which relief can be granted or lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(1). "A sovereign immunity defense differs from a defense on the merits in the key respect that a defendant may raise the defense of sovereign immunity at any time in the absence of an explicit waiver." *In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 251 (3d Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)); *see also Brown v. Phila. Housing Auth.*, 350 F.3d 338, 347 (3d Cir. 2003) ("[S]ubject matter jurisdiction is not a waivable defense. Indeed, it is well-settled that a party can never waive subject matter jurisdiction."). Taggart's motion to strike is denied.

**IV.**

Finally, the Court addresses Taggart's motion to withdraw his First Amendment retaliation claim without prejudice and for leave to amend his Complaint again. Without citing any authority, Taggart states that notwithstanding the Government's sovereign immunity argument, "the government and its agencies may in fact be sued and immunity may be waived pursuant to the False Claims Act." (Pl.'s Mot., ¶¶ 2–3, ECF No. 36.) He then states, "[t]he Federal Tort Claims Act (hereinafter FTCA) provides a vehicle whereby claims can be brought against the United States by victims of wrongs committed by government employees." (*Id.* ¶ 4.) The paragraphs that follow, like many of Taggart's filings, are more or less incomprehensible. *See* (*id.* ¶¶ 4–9). Taggart appears to request dismissal and/or leave to amend so that he may refashion his complaint to assert claims against the Unites States Government under the FTCA. *See* (*id.*). He also references the False Claims Act and states that withdrawal of his claim will "provide notice pursuant to the FCA to the Federal Defendants" to "facilitate the formal motion to resolve claims, and request for monetary relief." (*Id.* ¶¶ 7–9.) Finally, without referencing any specific causes of action or supporting authorities, Taggart requests leave to amend his Complaint to add "claims against HUD employees in their individual capacity." (*Id.* ¶ 10.)

The Court has already determined that Taggart's remaining claim must be dismissed for lack of subject matter jurisdiction and failure to state a claim. *See supra* Part I. The Court thus addresses only Taggart's request for leave to amend his Complaint to assert additional claims. Under Federal Rule of Civil Procedure 15(a), "courts may grant . . . amendments 'when justice so requires.'" *Fraser v. Nationwide*

*Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing FED. R. CIV. P. 15(a)).  The Third Circuit Court of Appeals has left the decision of whether to grant or deny leave to amend within the sound discretion of the district court.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).  A district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.  *Id.*; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  "Futility" means that the amended complaint would fail to state a claim upon which relief could be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

The FTCA is a limited waiver of sovereign immunity, providing that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner, and to the same extent as a private individual under like circumstances . . . " 28 U.S.C. § 2674.  The United States can be found liable for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office," but only to the same extent that a private individual would be liable.  28 U.S.C. § 2679(b)(1).  However, there are specific exceptions where the United States has not waived sovereign immunity, among them for any civil action "brought for a violation of the Constitution of the United States or which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2)(A) and (B); *see also Gary*, 2012 WL 993640, at *5 ( "[F]ederal constitutional violations are not cognizable under

12

the FTCA." (citing *Meyer*, 510 U.S. at 476–78)). Taggart's claims, all of which have now been dismissed, were based on allegations that his constitutional rights were violated. Any attempt to bring such claims pursuant to the FTCA would be barred by 28 U.S.C. § 2679(b)(2)(A), rendering amendment futile with respect to these claims.

With respect to Taggart's vague request for leave to "add claims against HUD employees in their individual capacity," leave to amend is not warranted. Not only did Taggart fail to provide the Court with a draft amended complaint, *see Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000), he failed to so much as identify the causes of action he seeks to bring or the legal authorities pursuant to which he purports to do so. Where a plaintiff fails to identify additional facts or legal theories he would assert or otherwise specify how amendment would cure the pleading deficiencies in a manner which would survive dismissal, leave to amend is rightfully denied. *See id.*; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014) (collecting cases); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Moreover, the Court has broader discretion to deny granting leave to amend where, as here, the requesting party has already had an opportunity to amend his Complaint. *See Lake*, 232 F.3d at 374; *Cureton*, 252 F.3d at 274. After Taggart filed his first Complaint in this case, (ECF No. 1), the Government filed a motion to dismiss. (ECF No. 5.) In its motion, the Government pointed out that to the extent Taggart's claims sought monetary relief from the federal agencies for constitutional violations, they were barred by sovereign immunity. (*Id.* at 18.) The Government stated that "Congress never waived sovereign immunity for constitutional tort claims for money damages against the United States, its agencies, or employees sued in their official

capacity." (*Id.* citing *Meyer*, 510 U.S. at 478; *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979)). In response, Taggart filed an Amended Complaint on September 26, 2016. (ECF No. 6.) He did not, however, cure the deficiency pointed out by the Government by asserting additional claims, modifying the relief sought or adding defendants in their individual capacities.

The facts relevant to Taggart's claims were known to him before he filed both his Complaint and Amended Complaint. Likewise, the doctrine of sovereign immunity—the reason Taggart must bring his claims against the relevant government officials in their individual capacities rather than the federal agencies themselves—is well-established and should have been known to Taggart before filing his Complaint. If he had any doubt, he had another opportunity to assert such claims in response to the Government's motion, which specifically raised the issue of sovereign immunity. He failed to do so. For this reason, among others, leave to amend is not justified. *See, e.g.*, *USX Corp. v. Barnhart*, 395 F.3d 161, 169 (3d Cir. 2004) (When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.); *Krantz v. Prudential Investmenst Fund Management LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998))).

Finally, Taggart has had numerous bites at the apple and his tactics throughout this and the prior litigation demonstrate both dilatory motive and bad faith. The most recent lawsuit, filed by Taggart after the Third Circuit denied his appeal in the prior

14

case, was, in effect, an impermissible effort to relitigate arguments Taggart asserted against the Government (unsuccessfully) in the subpoena enforcement proceedings. *See Taggart*, 2017 WL 319062, at *3; *In re Taggart*, 2016 WL 3902939, at *2–3 (E.D. Pa. July 19, 2016); *In re Taggart*, 2016 WL 3538604, at *2 (E.D. Pa. June 29, 2016). Though the Court noted that "Taggart's attempt to relitigate the Court's prior decision [was] barred by claim preclusion and/or issue preclusion" because his Complaint was "essentially a reiteration of his prior challenges to the CIDs" reframed as constitutional claims, *see Taggart*, 2017 WL 319062, at *2, the Court nevertheless addressed his purported constitutional claims at length. Because Taggart's arguments evinced a "fundamental misunderstanding of the differences between the Government issuing a CID to investigate a potential FCA violation and the Government asserting a claim under the FCA, the scope of the Court's inquiry at each stage and the proper stage at which to assert various arguments," the Court addressed each of them in an effort to dispel his apparent misconceptions. *See id.* at *5–12. In response, Taggart resubmitted to the Court the same arguments along with the suggestion that they may have been "overlooked." (ECF No. 31.)

Taggart has burdened the Government with his repeated assertions of meritless arguments; since filing his petition to quash in November 2015, he has subjected the Government to eight unnecessary rounds of motions aimed at precluding the Government from taking actions that are well within its authority. *See* (No. 15-mc-255, ECF Nos. 5, 14, 25, 34; No. 16-cv-4040, ECF Nos. 5, 10, 29, 33). Taggart has also burdened the Court with his ongoing efforts to relitigate claims that have either been definitively adjudicated or clearly identified as nonjusticiable by the Court.

15

Undeterred, he now moves for leave to again amend his Complaint to add unidentified claims on the basis of facts that have been within his knowledge for several years. His motion is denied.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.